# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN MAROHN,<br><br>    Plaintiff,<br><br>    v.<br><br>QINGJUN YU,<br><br>    Defendant. | Case No. 1:22-cv-01070-ADA-SAB<br><br>ORDER RESETTING HEARING ON MOTION FOR DEFAULT JUDGMENT IN CONFORMANCE WITH LOCAL RULES AND REQUIRING SERVICE ON DEFENDANT WITHIN FIVE DAYS<br><br>(ECF No. 10) |

On November 18, 2022, Plaintiff filed a motion for default judgment, setting the hearing before the District Judge on December 5, 2022. (ECF No. 10.) First, pursuant to Local Rule, motions for default judgment brought pursuant to Federal Rule of Civil Procedure 55(b)(2) are properly set before the assigned Magistrate Judge. See L.R. 302(c)(19). Further, the motion was only set with seventeen (17) days' notice. The Local Rules require thirty-five (35) days' notice for all normal civil motions, unless otherwise provided for in the Local Rules. See L.R. 230(b). The Court shall reset the hearing and require that Plaintiff serve the defaulted Defendant at their last known address. While service is not strictly required for motions for default judgment,[1]

---

[1] See Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear."); Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.").

based on the Court's review of the proffers in the complaint,[2] as well as the manner of substituted service at the address referenced in the complaint,[3] the Court finds it prudent that Plaintiff serve the motion with this order resetting the hearing date, on Defendant at the last known address.  Service may be effectuated in the manners contemplated by Federal Rule of Civil Procedure 5.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The hearing on Plaintiffs' motion for default judgment currently set for December 5, 2022, in Courtroom 1, is RESET for December 28, 2022, at 10:00 a.m. in Courtroom 9, before Magistrate Judge Stanley A. Boone; and

2. Plaintiff shall serve this order and the motion for default judgment on Defendant within five (5) days of entry.

IT IS SO ORDERED.

Dated:   **November 18, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[2] The complaint proffers that: "Plaintiff believes that any attempt to serve Defendant at the address given in the counternotice will prove to be futile and reveal that the address given has no connection to Defendant," that "on information and belief, Defendant operates under a fictitious name," and "[o]n information and belief, Defendant resides in China."  (ECF No. 1 at 3.)

[3] This Court typically closely examines issues of substitute service on motions for default judgment.  See, e.g., Jose Trujillo v. Harsarb, Inc., et al., No. 121CV00342NONESAB, 2021 WL 3783388, at *6-7 (E.D. Cal. Aug. 26, 2021), report and recommendation adopted in part sub nom. Trujillo v. Harsarb, Inc., No. 121CV00342NONESAB, 2021 WL 4804249 (E.D. Cal. Oct. 14, 2021).  Motions for default judgment are also routinely served on the defaulting defendants when filed in this Court, in a manner consistent with Federal Rule of Civil Procedure 5.  However, upon initial review, it appears the Defendant here may be evading service, as Plaintiff proffers.  The Court notes that Plaintiff has addressed this in the motion for default judgment: "[Defendant] swore under penalty of perjury [in the counter-notice] that he could be found at the address at which service was made, but has not appeared."  (ECF No. 10 at 4.) The Court makes no determination at this point as to service, however Plaintiff may choose to file any supplement concerning service when submitting the proof of service required by this order, or pertaining to service in general, prior to the hearing on the motion for default judgment.