**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN MAROHN,<br><br>      Plaintiff,<br><br>    v.<br><br>QINGJUN YU,<br><br>      Defendant. | Case No. 1:22-cv-01070-ADA-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>ORDER REQUIRING SERVICE ON DEFENDANT WITHIN THREE DAYS<br><br>(ECF No. 10)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

**I.**

**INTRODUCTION**

Currently before the Court is Plaintiff Nathan Marohn's ("Plaintiff") motion for default judgment, filed on November 18, 2022. (ECF No. 10 ("Mot.").) Plaintiff seeks default judgment against Defendant Qingjun Yu ("Defendant"). No opposition to the motion was filed. On December 28, 2022, the Court held a hearing on the motion for default judgment. Joel B. Ard appeared by videoconference on behalf of Plaintiff. No appearance was made on behalf of Defendant. Having considered the moving papers, the declarations and exhibits attached thereto, the nonappearance of Defendant at the hearing, as well as the Court's file, the Court issues the

following findings and recommendations recommending granting Plaintiff's motion for default judgment.

## II.

## BACKGROUND

### A. Procedural History

Plaintiff filed this action on August 24, 2022, bringing a cause of action for copyright infringement. (ECF No. 1.) On October 21, 2022, Plaintiff filed a request for entry of default; however, on October 24, 2022, the Clerk of the Court declined to enter default as the summons had not been returned to the Court as executed. (ECF Nos. 4, 5.) On October 25, 2022, Plaintiff filed an executed summons and a renewed request for entry of default, and the Clerk of the Court entered default against Defendant. (ECF Nos. 6, 7, 8.)

On November 18, 2022, Plaintiff filed the instant motion for default judgment, setting the hearing before the District Judge on December 5, 2022. (ECF No. 10.) Because the motion was set before the District Judge rather than before the Magistrate Judge, and because the motion was only filed with seventeen (17) days' notice, the Court reset the hearing and required Plaintiff to serve the defaulted Defendant at their last known address. (ECF No. 11.) The Court's order noted that, while service is not strictly required for motions for default judgment,[1] based on the Court's review of the proffers in the complaint,[2] as well as the manner of substituted service at the address referenced in the complaint,[3] the Court deemed it prudent to order Plaintiff to serve

---

[1] See Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear."); Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.").

[2] The complaint proffers that: "Plaintiff believes that any attempt to serve Defendant at the address given in the counternotice will prove to be futile and reveal that the address given has no connection to Defendant," that "on information and belief, Defendant operates under a fictitious name," and "[o]n information and belief, Defendant resides in China." (ECF No. 1 at 3.)

[3] Specifically, the Court's order stated as follows:

> This Court typically closely examines issues of substitute service on motions for default judgment. See, e.g., Jose Trujillo v. Harsarb, Inc., et al., No. 121CV00342NONESAB, 2021 WL 3783388, at *6-7 (E.D. Cal. Aug. 26, 2021), report and recommendation adopted in part sub nom. Trujillo v. Harsarb, Inc., No. 121CV00342NONESAB, 2021 WL 4804249 (E.D. Cal. Oct. 14, 2021). Motions for default judgment are also routinely served on the defaulting defendants when filed in

1 the motion with this order resetting the hearing date on Defendant at the last known address, and
2 ordered that service may be effectuated in the manners contemplated by Federal Rule of Civil
3 Procedure 5.  (ECF No. 11.)

4       On November 25, 2022, Plaintiff filed a declaration attesting to service of the order
5 resetting the motion hearing date on Defendant.  (ECF No. 12.)  On December 28, 2022, the
6 Court held a hearing on the motion for default judgment.  (ECF No. 13.)  Joel B. Ard appeared
7 on behalf of Plaintiff.  No appearances were made on behalf of Defendant.

        **B.**      **Plaintiff's Factual Allegations in the Operative Complaint**

9       Plaintiff alleges he sells printed posters and other motivational work on Amazon.com,
10 Inc. ("Amazon").  (Compl. ¶ 2, ECF No. 1.)  Plaintiff created the at-issue copyrighted work, a
11 wholly original motivational poster, titled "7 Rules of Life" (the "Copyrighted Work"), in 2014;
12 it was first published in 2015, and registered on May 18, 2022 with the United States Copyright
13 Office as United States Copyright Registration No. VA 2-300-156.  (Compl. ¶¶ 3, 11, 12, 13; Ex.
14 B, ECF No. 1-1 at 3–4.)  Plaintiff is the exclusive owner of the Copyrighted Work and holds all
15 rights, title, and interest, including all rights under copyright in the Copyrighted Work.  (Compl.
16 ¶¶ 4, 12.)  Plaintiff sells the Copyrighted Work on Amazon at the ASIN B016QVRI06.[4]  (Compl.
17 ¶ 16; Ex. A, ECF No. 1-1 at 1–2); see also www.amazon.com/Rules-Life-motivational-poster-
18 print/dp/B016QVRI06 (last visited Dec. 28, 2022).  Plaintiff directly fulfills all orders pertaining
19 to the Copyrighted Work and has never authorized others to sell the Copyrighted Work.  (Compl.
20 ¶ 30.)

21       Plaintiff alleges that, after he registered his copyright, Defendant caused itself to be listed

---

this Court, in a manner consistent with Federal Rule of Civil Procedure 5.  However, upon initial review, it appears the Defendant here may be evading service, as Plaintiff proffers.  The Court notes that Plaintiff has addressed this in the motion for default judgment: "[Defendant] swore under penalty of perjury [in the counter-notice] that he could be found at the address at which service was made, but has not appeared." (ECF No. 10 at 4.)  The Court makes no determination at this point as to service, however Plaintiff may choose to file any supplement concerning service when submitting the proof of service required by this order, or pertaining to service in general, prior to the hearing on the motion for default judgment.

27 (ECF No. 11 at 2 n.3.)

28 [4] "ASIN" refers to the Amazon identifier assigned as unique to a product as the last strong in the URL.

as an additional seller of the Copyrighted Work on Amazon at ASIN B016QVRI06, which enabled Defendant to be listed as one of the "Other Sellers on Amazon" of the Copyrighted Work, to sell the very same work, under the exact same ASIN as Plaintiff, and to receive profits from selling the Copyrighted Work. (Compl. ¶¶ 17, 18, 32.) Plaintiff alleges Defendant sold the Copyrighted Work, under the same ASIN as Plaintiff, without Plaintiff's authorization, consent, or knowledge, and without providing any compensation to Plaintiff. (Compl. ¶¶ 32, 33.)

After discovering the alleged infringement, Plaintiff filed a "takedown request" with Amazon pursuant to the Digital Millennium Copyright Act ("DMCA").[5] (Compl. ¶ 19.) However, on August 12, 2022, Amazon notified Plaintiff that Defendant had filed a counter notice under the DMCA. (Compl. ¶ 20; Ex. C, ECF No. 1-1 at 5–6.) Pursuant to the counternotice, which was electronically signed and submitted to Amazon by Defendant under penalty of perjury, Defendant indicated it "ha[d] a good faith belief that the material identified in the Notice of Infringement was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled" and requested Amazon to replace and/or no longer disable the material, so as to reinstate Defendant as a seller of the Copyrighted Work at ASIN B016QVRI06. (Compl. ¶ 29; Ex. C.) Due to Defendant's counternotice, Plaintiff alleges Amazon will restore Defendant as an additional seller of the Copyrighted Work, thus necessitating the instant lawsuit.[6] (Compl. ¶ 34.)

### C.    Relief Sought

While the Complaint initially seeks an accounting, injunctive and monetary relief, including maximum statutory penalties, damages, and attorneys' fees, the Court notes the instant motion for default judgment expressly requests only an award of statutory damages in the amount of $15,000. (Mot. 4.) Plaintiff maintains this amount "is sufficient to make him whole for the costs he has incurred and will continue to incur in filing this suit, pursuing Defendant, procuring default, and attempting to find assets against which to execute the judgment." (Id.)

---

[5] A takedown request reports to Amazon the incident of the posting, hosting, and/or distributing of unlicensed copyright protected material on Amazon's network. (See ECF No. 1-1 at 6.)

[6] Amazon's notice to Plaintiff indicates that if a copy of a lawsuit against Defendant was not filed within ten business days of the counternotice, Defendant's content would be reinstated. (See ECF No. 1-1 at 6.)

## III.

## LEGAL STANDARD FOR DEFAULT JUDGMENT

"Our starting point is the general rule that default judgments are ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (quoting Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986)). Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step process. Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, a plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b). Federal Rule of Civil Procedure 55(b)(2) provides the framework for the Court to enter a default judgment:

> (b) Entering a Default Judgment.
>
> > (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> >
> > > (A) conduct an accounting;
> > >
> > > (B) determine the amount of damages;
> > >
> > > (C) establish the truth of any allegation by evidence; or
> > >
> > > (D) investigate any other matter.

Fed. R. Civ. P. 55.

The decision to grant a motion for entry of default judgment is within the discretion of the court. PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 1172, 1174 (C.D. Cal. 2002). The Ninth Circuit has set forth the following seven factors (the "Eitel factors") that the Court may consider in exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

Generally, once default has been entered, "the factual allegations of the complaint, except those relating to damages, will be taken as true." Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Accordingly, the amount of damages must be proven at an evidentiary hearing or through other means. Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1236 (E.D. Cal. 2008). Additionally, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (internal citation omitted). The relief sought must not be different in kind or exceed the amount that is demanded in the pleadings. Fed. R. Civ. P. 54(c).

## IV.

## DISCUSSION

The Court first determines whether the Court properly has jurisdiction in this matter, and then turns to the Eitel factors to determine whether default judgment should be entered.

**A.   Jurisdiction**

1.   Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States.' "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez,

1  277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd.
2  v. Constr. Laborers Vacation Tr., 463 U.S. 1, 8–9 (1983) (citations omitted)).  "[T]he presence or
3  absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which
4  provides that federal jurisdiction exists only when a federal question is presented on the face of
5  the plaintiff's properly pleaded complaint."  Republican Party of Guam, 277 F.3d at 1089
6  (citations omitted).

7        Plaintiff brings this action under 17 U.S.C. § 101 *et seq.*, alleges violation of 17 U.S.C. §
8  501, and specifically seeks damages under 17 U.S.C. § 504(b)-(c).  (ECF No. 1.)  As the claim in
9  this action arises under federal copyright law, the Court finds federal question jurisdiction exists.
10 See 28 U.S.C. § 1331(a) ("The district courts shall have original jurisdiction of any civil action
11 arising under any Act of Congress relating to patents, plant variety protection, copyrights and
12 trademarks.").

13       2.      <u>The Court finds Service of Process on Defendant to be Adequate</u>

14       As a general rule, the Court considers the adequacy of service of process before
15 evaluating the merits of a motion for default judgment.  See J & J Sports Prods., Inc. v. Singh,
16 No. 1:13-CV-1453-LJO-BAM, 2014 WL 1665014, at *2 (E.D. Cal. Apr. 23, 2014); Penpower
17 Tech. Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008); Mason v. Genisco
18 Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992) (stating that if party "failed to serve [defendant]
19 in the earlier action, the default judgment is void and has no res judicata effect in this action.").

20       "Rule 4 is a flexible rule that should be liberally construed so long as a party receives
21 sufficient notice of the complaint."  Direct Mail Specialists, Inc. v. Eclat Computerized Techs.,
22 Inc., 840 F.2d 685, 688 (9th Cir. 1988) (quoting United Food & Com. Workers Union v. Alpha
23 Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)).  However, "without substantial compliance with
24 Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide
25 personal jurisdiction.' "  Id. (quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986)).  "[A]
26 signed return of service constitutes prima facie evidence of valid service which can be overcome
27 only by strong and convincing evidence."  SEC v. Internet Sols. for Bus., Inc., 509 F.3d 1161,
28 1163 (9th Cir. 2007).

Rule 4(e) provides that service may be effectuated on a competent, adult individual by: (1) delivering a copy of the summons and the complaint to that person personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2)(A)–(C). Rule 4 also permits service on an individual in accordance with state law. Fed. R. Civ. P. 4(e)(1).

Here, Plaintiff submitted an executed summons as to Defendant on October 25, 2022. (ECF No. 6.) The executed proof of service of the summons and complaint indicates Defendant was served at the physical address provided in Defendant's counternotice to Amazon under penalty of perjury, by substituted service, on September 19, 2022 at 2:50 p.m. (Id. at 1.) The service affidavit indicates the address provided by Defendant is a business. (Id.) Substitute service was effected by leaving copies of the summons and complaint with Jia Jia Zheng, a manager and person apparently in charge at the business located at the address provided by Defendant, and the documents were also mailed to that address. (Id.) The process server's declaration of due diligence indicates service was attempted three times: on September 14, 16, and 19, 2022, and that substitute service was effected on the third service attempt. (Id. at 3.)

In requesting entry for default, Plaintiff proffers: "The basis for this request is the appended Declaration of Joel B. Ard, Esq., and accompanying exhibits, which demonstrate that Defendant was served at the address in Porterville, California which Defendant stated under penalty of perjury was his address when he filed a counter-notice with Amazon.com, Inc. under the Digital Millennium Copyright Act. Service was effected on September 19, 2022." (ECF No. 7 at 1.) Plaintiff also proffers Defendant conceded this Court's personal jurisdiction over him in his DMCA counter-notice. (Mot. 2; ECF No. 1-1 at 6.) The Court agrees.

As an initial matter, the Court finds the signed return of service constitutes prima facie evidence of valid service. Internet Sols. for Bus., Inc., 509 F.3d at 1163. In addition, the Court finds substantial compliance with Rule 4. As noted by Plaintiff, Defendant's counter notice to Amazon, which Defendant signed electronically under penalty of perjury, indicates Defendant's full legal name (Qingjun Yu); email address (sheqingjun418@outlook.com); phone number

1  (13763881193); and mailing address, 1174 W Henderson Ave, Ste. #C, Porterville, CA 93257. (ECF No. 1-1 at 6.)  In the same notice, Defendant confirms he is located in the United States and consents to the jurisdiction in which his address is located, (or) is located outside of the United States and consents to the jurisdiction of any judicial district in which Amazon may be found; notably, Defendant agreed to accept service of process from Plaintiff based on this contact information.  (See id.)

California law permits substitute service at the defendant's "usual place of business," after personal service has been attempted with reasonable diligence, and provided that service is effected on a "person apparently in charge," who is "at least 18 years of age, [and] who shall be informed of the contents" of the summons, and copies must thereafter be mailed to the defendant at the same address where the documents were left. Cal. Civ. Proc. Code § 415.20(b).  "[T]he burden is upon the plaintiff to show reasonable diligence to effect personal service and each case must be judged upon its own facts." Evartt v. Super. Ct., 89 Cal. App. 3d 795, 801 (Cal. Ct. App. 1979). "Although there is no established formula for reasonable diligence, two or three attempts to personally serve defendant at a 'proper place' ordinarily qualifies as 'reasonable diligence.' " Johnson v. Bozorghadad, No. 17-cv-06536-SVK, 2020 WL 963377, at *3 (N.D. Cal. Feb. 28, 2020) (citation, internal quotation marks, and alteration omitted), report and recommendation adopted, No. 17-cv-06536-HSG, 2020 WL 1245122 (N.D. Cal. Mar. 16, 2020).

Here, Plaintiff executed service of the summons and complaint on Defendant on September 19, 2022, by substitute service on a person apparently in charge at the business address provided by Defendant under penalty of perjury, and at which Defendant also consented to be served: 1174 W Henderson Ave, Ste. #C, Porterville, CA 93257. (ECF No. 1-1 at 6; ECF No. 6 at 1.) As noted, Jia Jia Zheng was identified as a manager and person apparently in charge at the business located at Defendant's address; the process server's declaration additionally indicates Zheng was at least 18 years old, and was informed of the general nature of the papers. (ECF No. 6 at 1.)  This comports with California's service requirements. Cal. Civ. Proc. Code § 415.20(b).  Furthermore, the process server's declaration of due diligence indicates service was attempted three times, and that substitute service was effected on the third service attempt.  (ECF

1 No. 6 at 3.)  The Court finds these multiple service attempts are sufficient to satisfy the due
2 diligence requirement in this case.  Johnson, 2020 WL 963377, at *3.

3    On this record, the Court finds Plaintiff has met his burden to establish service was
4 adequate and made in "substantial compliance" with Rule 4.

### B. The Eitel Factors Weigh in Favor of Granting Default Judgment

6    The Court finds that consideration of the Eitel factors weighs in favor of granting default
7 judgment in favor of Plaintiff.

8    1. Prejudice to Plaintiff if Default Judgment is Not Granted

9    Plaintiff filed this action on August 24, 2022.  (ECF No. 1.)  Defendant was served on
10 September 19, 2022.  (ECF No. 6.)  If default judgment is not entered, Plaintiff is effectively
11 denied a remedy for the violations of his copyright as alleged, until such time as the Defendant in
12 this action decides to appear in the litigation, which may never occur.  Defendant has not filed an
13 answer, a motion to dismiss, or otherwise appeared in the action.  Nor did Defendant make an
14 appearance at the December 28, 2022 hearing.

15    For these reasons, the Court finds Plaintiff would be substantially prejudiced if default
16 judgment is not granted and finds this Eitel factor weighs in favor of granting default judgment
17 in favor of Plaintiff.  See, e.g., Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1007 (C.D. Cal.
18 2014).

19    2. The Merits of Plaintiff's Substantive Claims and Sufficiency of Complaint

20    The second and third Eitel factors instruct the Court to evaluate the merits of the
21 substantive claims alleged in the complaint as well as the sufficiency of the complaint itself.  It is
22 appropriate for the Court to analyze these two factors together.  AMUR Equip. Fin., Inc. v. CHD
23 Transp. Inc., No. 1:17-cv-00416-AWI-SKO, 2017 WL 5477379, at *5 (E.D. Cal. Nov. 15, 2017);
24 F.D.I.C. v. Quest, F.S., Inc., No. SACV 10-00710 DOC (RNBx), 2011 WL 2560428, at *2 (C.D.
25 Cal. Jun. 27, 2011).  In doing so, the Court looks to the complaint to determine if the allegations
26 contained therein are sufficient to state a claim for the relief sought.  Danning v. Lavine, 572 F.2d
27 1386, 1388 (9th Cir. 1978).

28    Here, Plaintiff brings a claim of copyright infringement under 17 U.S.C. § 501, which

allows the owner of a copyright to institute an action against an infringer of that copyright. To state a claim of copyright infringement, a plaintiff must prove "ownership of a copyright and a copying of protectable expression beyond the scope of a license." MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 517 (9th Cir. 1993) (internal quotation marks omitted) (quoting S.O.S., Inc. v. Payday, Inc., 886 F.2d 1081, 1085 (9th Cir. 1989)). "To prove a claim of direct copyright infringement, a plaintiff must show that he owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004).

The Copyright Act defines "copies" as:

> material objects, other than phonorecords, in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.

17 U.S.C. § 101.

The Copyright Act then explains:

> A work is "fixed" in a tangible medium of expression when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration.

Id.

The Court finds Plaintiff has sufficiently alleged a claim for copyright infringement. First, Plaintiff has alleged and submitted evidentiary support of his copyright ownership. Plaintiff created the Copyrighted Work in 2014, and registered his copyright on May 18, 2022 with the United States Copyright Office, as United States Copyright Registration No. VA 2-300-156. (Compl. ¶¶ 3, 11, 12, 13; ECF No. 1-1 at 3–4.) Plaintiff alleges he is the exclusive owner of the Copyrighted Work and holds all rights, title, and interest, including all rights under copyright in the Copyrighted Work, and he has never authorized others to sell the Copyrighted Work. (Compl. ¶¶ 4, 12, 30.)

Second, Plaintiff has sufficiently established a copying of his protected work. Plaintiff alleges Defendant caused itself to be listed as an additional seller of the Copyrighted Work on

1  Amazon at ASIN B016QVRI06, which enabled Defendant to sell the very same work, under the
2  exact same ASIN as Plaintiff, and to receive profits from selling the Copyrighted Work—which
3  Defendant did without Plaintiff's authorization.  (Compl. ¶¶ 17, 18, 32, 33.)  Moreover, when
4  Plaintiff sent Amazon a takedown request to enjoin Defendant from selling his Copyrighted
5  Work, Defendant submitted a counternotice in order to be reinstated as an "other seller" of
6  Plaintiff's Copyrighted Work on Amazon at ASIN B016QVRI06. (Compl. ¶ 20; ECF No. 1-1 at
7  5–6.)

8  On this record, the Court finds Plaintiff has sufficiently alleged a claim for copyright
9  infringement under 17 U.S.C. § 501.  Danning, 572 F.2d at 1388.  Therefore, the Court finds this
10 Eitel factor weighs in favor of granting default judgment in favor of Plaintiff against Defendant.

11            3.       The Sum of Money at Stake in the Action

12 The sum of money at stake in this action also weighs in favor of granting default
13 judgment.  Default judgment is disfavored where large amounts of money are involved, or the
14 award would be unreasonable in light of the defendant's actions.  G & G Closed Cir. Events,
15 LLC v. Nguyen, No. 3:11-cv-06340-JW, 2012 WL 2339699, at *2 (N.D. Cal. May 30, 2012);
16 PepsiCo, Inc., 238 F. Supp. 2d at 1176 ("Under the third Eitel factor, the court must consider the
17 amount of money at stake in relation to the seriousness of Defendant's conduct.").

18 As previously noted, there are many theories of recovery Plaintiff could pursue based on
19 Defendant's violations of 17 U.S.C. § 501, including maximum statutory penalties in the amount
20 of $150,000.  However, Plaintiff seeks only $15,000 in damages.  (Mot. 4.)  In his motion,
21 Plaintiff proffers this amount "is sufficient to make him whole for the costs he has incurred and
22 will continue to incur in filing this suit, pursuing Defendant, procuring default, and attempting to
23 find assets against which to execute the judgment." (Id.)  The Court finds the requested default
24 judgment amount of $15,000—which falls well below the statutory maximum penalty amount—
25 is not an excessive amount of money, nor does it seem unreasonable in light of the allegations
26 contained in the complaint.

27 Accordingly, this factor does not weigh against entry of default judgment.
28 ///

####        4.        The Possibility of a Dispute Concerning Material Facts

The next Eitel factor considers the possibility of a dispute concerning material facts.  As discussed above, Plaintiff has sufficiently alleged copyright infringement.  The Court finds this factor weighs in favor of entering default judgment as there is no possibility of dispute regarding the material facts due to the factual allegations in the complaint being taken as true upon Defendant's default.  See Garamendi, 683 F.3d at 1080; PepsiCo, Inc., 238 F. Supp. 2d at 1177 ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages.").

Accordingly, the Court finds this Eitel factor weighs in favor of granting default judgment in favor of Plaintiff against Defendants.

####        5.        Whether the Default Was Due to Excusable Neglect

The sixth Eitel factor considers the possibility that Defendant's default resulted from excusable neglect.  PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Courts have found that where a defendant was "properly served with the complaint, the notice of entry of default, as well as the paper in support of the [default judgment] motion," there is no evidence of excusable neglect.  Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Here, Defendant has failed to file a responsive pleading or otherwise appear in this action.  However, as previously discussed, the Court finds service was properly effected, in substantial compliance with Rule 4.  In addition, Plaintiff served the motion for default judgment on Defendant after the Court reset the date of the hearing on the motion.  (ECF Nos. 6, 11, 12.)  Yet Defendant did not file any opposition to the motion for default judgment and did not make an appearance at the hearing on the motion for default judgment, despite the courthouse being open to the public.

Notably, in this case, Defendant was provided with a copy of Amazon's "Notice of Infringement under the Digital Millennium Copyright Act" with respect to his sale of the Copyrighted Work that is the subject of the instant civil litigation, and he provided a counternotice in response.  (ECF No. 1-1 at 6.)  Thus, in addition to service under Rule 4, Defendant had actual

notice of the imminent dispute.  Furthermore, Defendant expressly provided his mailing address and other contact information for purposes of service, as well as his consent to accept service of process from Plaintiff, in the counternotice he submitted to Amazon under penalty of perjury.  (Id.) Thus, Defendant was not only aware that service of process in a DMCA claim was imminent; he consented to service and provided the address at which he wanted to be served by Plaintiff.  Given these facts, the Court simply cannot conclude there is any indication or evidence that Defendant's failure to respond was due to excusable neglect.[7]

Accordingly, the Court finds this Eitel factor weighs in favor of granting default judgment in favor of Plaintiff against Defendant.

### 6. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

Default judgments are disfavored because "[c]ases should be decided on their merits whenever reasonably possible."  Eitel, 782 F.2d at 1472.  However, the policy favoring decisions on the merits does not weigh against entering default judgment where, as here, Defendant's failure to appear has made a decision on the merits impossible at this juncture.  Given the prejudice to Plaintiff if default judgment is not granted as discussed above, and the merits of the allegations contained in complaint, granting default judgment in this case would not violate the general policy under the Federal Rules of Civil Procedure favoring decisions on the merits.  See PepsiCo Inc., 238 F. Supp. 2d at 1177 ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible.  Under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action.").

Accordingly, the Court finds the policy favoring decisions on the merits does not preclude entering default judgment against Defendant under these circumstances.

---

[7] The Court additionally notes Plaintiff proffers his belief that Defendant is located in China, and that Defendant's address—which leads to a business area containing a Chipotle, a Habit Burger Grill, and a JJ Hawaiian BBQ—was a sham address provided with the intent to evade service and further legal action relating to the instant DMCA claim. (See Compl. 16–26.)  While this argument appears extremely plausible, the Court need not reach this additional finding in light of the overwhelming evidence on record that service was effected in substantial compliance with Rule 4, that the Eitel factors favor default judgment, and that there is no indication that Defendant's default arises from excusable neglect.

7. **The Eitel Factors Weigh in Favor of Granting Default Judgment**

Based on the foregoing, the Court finds that the Eitel factors weigh in favor of granting default judgment and recommends that Plaintiff's motion for default judgment be granted. The Court now turns to the types of relief requested by Plaintiff.

**C.   Relief Requested**

As previously noted, Plaintiff expressly seeks only statutory damages in the amount of $15,000 in the present motion, and no other forms of relief, such as attorneys' fees. (Mot. 4.) Plaintiff proffers this amount "is sufficient to make him whole for the costs he has incurred and will continue to incur in filing this suit, pursuing Defendant, procuring default, and attempting to find assets against which to execute the judgment." (Id.)

A plaintiff may elect to recover either actual or statutory damages for copyright infringement. See 17 U.S.C. § 504(c)(1). If statutory damages are elected, "[t]he court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984). The maximum amount of damages for willful infringement—which Plaintiff alleges—is $150,000; the minimum is $200.

"[T]he plain language of the statute affords plaintiffs the right to pursue statutory damages without proving actual damages; however, the statute does not provide guidelines for courts to use in determining an appropriate award." In re Mann, 410 B.R. 43, 49 (Bankr. C.D. Cal. 2009) (quoting Louis Vuitton Malletier & Oakley, Inc. v. Veit, 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002). "[A]n award of statutory damages is meant to serve both compensatory and punitive purposes. Curtis v. Illumination Arts, Inc., 682 F. App'x 604, 605 (9th Cir. 2017) (unpub.) (citing L.A. News Serv. v. Reuters Television Int'l, Ltd., 149 F.3d 987, 996 (9th Cir. 1998)).

The factors a court can consider in calculating an award of statutory damages include:

> (1) "the expenses saved and the profits reaped;" (2) "the revenues lost by the plaintiff;" (3) "the value of the copyright;" (4) "the deterrent effect on others besides the defendant;" (5) "whether the defendant's conduct was innocent or willful;" (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;" and (7) "the

potential for discouraging the defendant."

Microsoft Corp., 549 F. Supp. 2d at 1237.

Here, Plaintiff alleges he derives substantial revenue from the sale of the Copyrighted Work on Amazon, and that Defendant's infringement cut into those sales profits and reaped the benefit and value associated with Plaintiff's Copyrighted Work. (Compl. ¶¶ 14, 36.) More specifically, Plaintiff notes Defendant has avoided payment of license fees and other financial costs associated with obtaining permission to sell the Copyrighted Work, as well as any restrictions Plaintiff is entitled to (and would) place on the work as a condition of use. (Compl. ¶ 37.) Furthermore, Plaintiff proffers the requested amount serves as a deterrent to Defendant, and to others who would make false statements under the DMCA process in a gamble that copyright holders might perceive that the risks and expenses of litigation, even in meritorious cases, exceed the likely return, thereby acquiescing in continued infringement at low to no cost to infringers who have been called out by the DMCA process. (Mot. 4–5.)

The Court agrees with Plaintiff that an award of statutory damages could have a deterrent effect on other potential copyright infringers. Moreover, the Court finds that the Defendant's conduct was not innocent, but willful: it is undisputed that Plaintiff holds the copyright protections in the Copyrighted Work, and there simply appears to be no basis for any argument that Defendant was entitled to also sell the Copyrighted Work on Amazon's website. In light of the significant harm Plaintiff has alleged, the Court finds Plaintiff has established the requested default judgment amount of $15,000—which falls well below the statutory maximum penalty amount—is imminently reasonable.

Accordingly, when the Court considers the factors set forth in Microsoft Corp., the Court finds that Plaintiff should be awarded $15,000 in statutory damages on the application for default judgment. See Microsoft Corp., 549 F. Supp. 2d at 1237.

## V.

## RECOMMENDATION AND ORDER

The Eitel factors weigh in favor of granting default judgment, and the entry of default judgment is within the discretion of the Court. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th

Cir. 1980).

Based upon the foregoing, the Court HEREBY RECOMMENDS that:

1. Plaintiff's motion for default judgment (ECF No. 10) be GRANTED;

2. Default Judgment be ENTERED in favor of Plaintiff Nathan Marohn and against Defendant Qingjun; and

3. Plaintiff be AWARDED statutory damages in the amount of $15,000.00.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of these recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Further, Plaintiff is HEREBY ORDERED to serve a copy of these findings and recommendations on Defendant **within three (3) days** of the date of electronic filing of these findings and recommendations.

IT IS SO ORDERED.

Dated:   **December 29, 2022**

UNITED STATES MAGISTRATE JUDGE

17